AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

TUPUA VILIAMU SATELE, Defendant

High Court of American Samoa
Trial Division

CR No. 8-81

June 21, 1988

Before REES, Chief Justice.

Counsel: Defendant Viliamu Satele pro se

On "Request for Confirmation of Legal Opinions by
Governor's Office":

    In 1981 the defendant in this case was tried
for two counts of Murder in the First Degree. At
the conclusion of the trial the Court found that
all of the elements of first degree murder had been
proved beyond a reasonable doubt. The defense had
presented psychiatric testimony, however, that the
defendant had committed the crime while suffering
from a brain dysfunction. On the basis of this
testimony the Court found the defendant Not Guilty
by Reason of Insanity.

On June 9, 1981, the Court ordered that the defendant be committed to the Closed Intensive Security Unit of the Hawaii State Hospital. Subsequently the defendant requested a hearing for the purpose of demonstrating that he had regained his sanity, was no longer a threat to himself or others, and should therefore be released. At this hearing the defendant presented a psychiatrist and a neuropsychologist from Hawaii who testified that they could not detect any significant symptoms of a brain dysfunction. After considering this testimony along with other evidence and arguments at a series of three hearings held in late 1982, the Court found that further institutional confinement was no longer necessary. The Court imposed, however, the conditions that defendant reside with his wife in Los Angeles, California unless granted permission of the Court to reside elsewhere; that he "refrain from the use of alcohol; and that he consult with a physician periodically concerning his mental impairment.

That was the last the Court heard of the case until today, when we received a surprising communication from the defendant. This communication includes a copy of a letter from Lyle Richmond, Legal Counsel to the Governor, which reads in pertinent part as follows:

> While the High Court of American Samoa imposed a condition prohibiting you from returning to American Samoa for a period of 10 years, it is the Attorney General's . . . opinion that this restriction is unconstitutional and you are free to travel as you wish.

The defendant asks that the Court provide "confirmation of legal opinions by Governor's office or a judicial adjudgement of my case."

The Court cannot provide the requested confirmation. In the first place, insofar as we are able to reconstruct the evidence that was before the Court in 1982 the conditions imposed at that time were not only constitutional but eminently reasonable. As the Court correctly observed, it was not conclusively bound by "[t]he fact that certain medical witnesses are presently unable to diagnose" a dysfunction, but had an obligation to make its own judgment based on all the evidence at its disposal. This would have

included the medical testimony adduced at trial as well as other evidence to the effect that life in Samoa had subjected the defendant to certain "pressures and conflicts" which left him unable to resist the urge to kill people. The Court's finding that the defendant was no longer a threat to himself or others was conditional on his continued abstinence from alcohol and on his remaining in a particular environment. (Indeed, the report of the tests that were done on defendant in Hawaii shortly before the hearing, which was apparently at least part of the basis for the psychiatrist's testimony that there were no currently observable symptoms of brain dysfunction, concluded that defendant's "neuropsychological functions [were] generally within the normal range" but that the tests remained "consistent with earlier identification of broad frontal lobe difficulties." The report adds that "even moderate use of alcohol or mind-altering substances would be likely to produce a fairly rapid deterioration in his neuropsychological functioning to the level of functioning seen in previous testing a year ago, with the important implications regarding his judgement and decision-making abilities.")

Aside from whether the Court's decision in 1982 was correct on the merits, however, it is astonishing and disturbing that the American Samoa Government should feel free to counsel disobedience to that decision. The government, like everyone else, is bound by court orders in proceedings to which it is a party. Courts sometimes make mistakes; a party who believes the court made a mistake in his case has a variety of post-judgment remedies at his disposal, but outright disobedience to the court's orders is not among them.

In this case the Court's 1982 order explicitly provides for its own modification upon a showing that the conditions are no longer necessary for the protection of the public. (It is unclear where the Attorney General's office got the idea that the order was limited in duration to ten years.) Until such a showing is made, the defendant is prohibited from returning to Samoa and the government is bound to enforce this restriction.